# EXHIBIT "A"



**null / PERINJ**
**Transmittal Number: 24858717**
**Date Processed: 05/03/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Nicole Russ<br>Delta Air Lines, Inc<br>1030 Delta Blvd<br>Dept 982<br>Atlanta, GA 30354-1989 |
| **Electronic copy provided to:** | Melba Prevost<br>Alexander Rowedder |

| | |
|---|---|
| **Entity:** | Delta Air Lines, Inc.<br>Entity ID Number  2078129 |
| **Entity Served:** | Delta Air Lines |
| **Title of Action:** | Gerald Castaneda vs. Delta Air Lines |
| **Matter Name/ID:** | Gerald Castaneda vs. Delta Air Lines (12250811) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV46557 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/02/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Dixon & Daley, LLP<br>562-946-3737 |

**Notes:**      Plaintiff was injured due to the fuel dump.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 12/21/2021 05:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Miramontes,Deputy Clerk
21STCV46557

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DELTA AIR LINES; DOES I through XX inclusive; DOE Companies I
through XX, inclusive; and DOE Corporations I through XX, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GERALD CASTANEDA,

<div style="border:1px solid">
FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*
</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Los Angeles Superior Court<br>*(El nombre y dirección de la corte es):*<br><br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>21STCV46557 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kaitlyn Daley Corbett, Esq. (SBN 305223) Dixon Daley, LLP
10330 Pioneer Blvd., Suite 210, Santa Fe Springs, CA 90670 (562) 946-3737

| DATE:<br>*(Fecha)* 12/21/2021 | Sherri R. Carter Executive Officer/ Clerk of Court | Clerk, by<br>*(Secretario)* | N. Miramontes | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **DELTA AIR LINES**

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

21STCV46557                                                                                                      **CM-010**

| | FOR COURT USE ONLY |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Kaitlyn Daley Corbett, Esq. SBN 305223 <br> DIXON & DALEY, LLP <br> 10330 Pioneer Blvd.., Suite 210 <br> Santa Fe Springs CA 90670 <br> TELEPHONE NO.: (562) 946-3737    FAX NO.: (562) 946-3779 <br> ATTORNEY FOR *(Name):* Plaintiff, Gerald Castaneda | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME: Gerald Castaneda v. Delta Air Lines, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited   ☐ Limited <br> (Amount            (Amount <br> demanded          demanded is <br> exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 21STCV46557 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* ONE
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/16/2021

KAITLYN DALEY CORBETT
_____
(TYPE OR PRINT NAME)                    ► _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                                 Cal. Standards of Judicial Administration, std. 3.10
                                                                                 www.courtinfo.ca.gov
                                                                                 American LegalNet, Inc.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**

| SHORT TITLE: Gerald Castaneda v Delta Air Lines et al | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☒ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Gerald Castaneda v Delta Air Lines et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Gerald Castaneda v Delta Air Lines et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Gerald Castaneda v Delta Air Lines et al | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS:  9433 Myron Street, |
|---|---|

| CITY:  Pico Rivera | STATE:  CA | ZIP CODE:  90660 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Stanley Mosk</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>12/16/2021</u>

<u>Kate Colitt</u>
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

21STCV46557

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Michael Whitaker
Electronically FILED by Superior Court of California, County of Los Angeles on 12/21/2021 05:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Miramontes,Deputy Clerk

Kaitlyn Daley Corbett, STATE BAR NO. 305223
**DIXON & DALEY, LLP**
10330 PIONEER BLVD., SUITE 210
SANTA FE SPRINGS, CALIFORNIA 90670
PHONE (562) 946-3737
FAX (562) 946-3779

Attorney for Plaintiff, Gerald Castaneda

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

GERALD CASTANEDA,

          Plaintiff,

    vs.

DELTA AIR LINES; DOES I through XX inclusive; DOE Companies I through XX, inclusive; and DOE Corporations I through XX, inclusive,

          Defendants.

Case No.: 21STCV46557

**COMPLAINT FOR DAMAGES**

**(Negligence)**

**(Personal Injury)**

**(Property Damage)**

FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, AND EACH OF THEM, PLAINTIFF, GERALD CASTANEDA ALLEGES:

        1.    The allegations of this complaint stated on information and belief have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

        2.    That the true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to plaintiff at this time, who therefore sues said defendants by fictitious names, and will ask leave of court for permission to amend this complaint to show their names and capacities when the same have been ascertained.

1

Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to the plaintiff as herein alleged.

3.     That plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the defendant corporations, either specifically or fictitiously named, were and now are corporations, existing under and by virtue of the laws of the State of California, or were or now are foreign corporations licensed to do business in the State of California, or are foreign corporations, doing business in the State of California, County of Los Angeles, among other counties.

4.     The defendants, and each of them, at all times herein mentioned, supervised, maintained, owned, and controlled the aircraft involved in the subject incident.

5.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant and employee or each of the other defendants, and within the scope of said agency and employment.

6.     That the time and place of the incident in question, defendants, and each of them, their agents, servants and employees became liable to plaintiff for one or more of the reasons described in this complaint herein, and thereby proximately caused plaintiff to sustain damages as herein set forth.

7.     That at the time and place of the incident in question, defendants, and each of them, including all fictitiously named defendants, herein, maintained, supervised, operated, attended to, cared for, and had under their jurisdiction and control the aircraft involved in the subject incident.

8.     That the information pertinent to this cause of action is as follows:

(a)     Place of accident: 9433 Myron Street, Pico Rivera, CA 90660

(b)     Date of accident: January 14, 2020

9.     That on or about January 14, 2020 defendant initiated a 15,000 gallon fuel dump while the subject aircraft was traveling at a low altitude, and over a populated area, proximately causing plaintiff to come in contact with jet fuel, and sustain severe and lasting personal injuries and damages as more particularly hereinafter set forth. That at the time and place of the incident in question and prior thereto, defendants, and each of them, including all fictitiously named defendants, herein, engaged in

2

COMPLAINT FOR DAMAGES

1  negligent hiring, supervision, training and/or retention. That the time and place of the incident in

2  question, and prior thereto, defendants, and each of them, including all fictitiously named defendants

3  herein, were careless, reckless and negligent, in that they maintained, supervised, operated, attended to,

4  cared for, controlled, designed, constructed, built, planned, installed, inspected, performed work on

5  and/or tested for safety the hereinabove described aircraft, and initiated a fuel dump at low altitude over

6  a densely populated area, knowing that there was substantial risk of harm to persons on the ground.

7          10.    That the time and place of the incident in question, and prior thereto, defendants,

8  and each of them, including all fictitiously named defendants herein, were careless, reckless and

9  negligent, in that they maintained, supervised, operated, attended to, cared for, controlled, designed,

10  constructed, built, planned, installed, inspected, performed work on and/or tested for safety the

11  hereinabove described aircraft; and defendants, and each of them, knew or should have known that to

12  cause and initiate a fuel dump as set forth herein, was hazardous and dangerous to persons on the ground

13  in the area of the fuel dump.

14          11.    That as a direct and proximate result of the aircraft fuel dump and of the matters

15  herein alleged, and of the acts done by defendants, and each of them, as herein alleged, plaintiff was

16  injured in plaintiff's health, strength and activity, and suffered severe and lasting injuries, all to

17  plaintiff's damage for an amount within the jurisdiction of this Court.

18          12.    As a direct and proximate result of the aircraft fuel dump and of the matters

19  herein alleged, and of the acts done by defendants, and each of them, as aforesaid, plaintiff was required

20  to and did obtain medical care and attention, the total amount of which is unknown to plaintiff at this

21  time; that plaintiff is informed and believes and thereon alleges that plaintiff will be required to obtain

22  medical care and attention in the future, the amount not now known to plaintiff; that when plaintiff

23  ascertains the total amount of medical care and attention required, and which will be required in the

24  future, plaintiff will ask leave of this Court for permission to amend this complaint by setting forth such

25  total amounts.

26          13.    That as a further, direct and proximate result of the aircraft fuel dump and of the

27  matters herein alleged, and the acts done by defendants, and each of them, plaintiff has been unable to

28  follow plaintiff's usual, or any, occupation for a period of time not now known to plaintiff and has

3

COMPLAINT FOR DAMAGES

thereby been damaged in loss of earnings and earning capacity in an amount not yet ascertained; that when plaintiff ascertains the total period of time in which plaintiff will have been unable to follow plaintiff's usual, or any, occupation by reason of said incident herein, plaintiff will ask leave of this Court for permission to amend this complaint by setting forth such total amounts.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1.  For general damages as proved;

2.  For medical expenses as proved;

3.  For loss of earnings and earning capacity as may be proved;

4.  For property damage as proved;

5.  For costs of suit herein incurred; and

6.  For such other and further relief as to the Court may seem just.

Dated:  12/16/2021                          DIXON DALEY LLP

                                            By: _____
                                            Kaitlyn Daley Corbett
                                            Attorney for Plaintiff

4

COMPLAINT FOR DAMAGES

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/23/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Munoz _____ Deputy |

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Gerald Castaneda

DEFENDANT/RESPONDENT:
Delta Air Lines

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV46557 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Amended PI General Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Kaitlyn Daley Corbett
10330 Pioneer Blvd.,Suite 210
Santa Fe Springs, CA  90670


Sherri R. Carter, Executive Officer / Clerk of Court

By:  A. Munoz
     Deputy Clerk

Dated: 03/23/2022


**CERTIFICATE OF MAILING**

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY
COURT ("PI COURT") PROCEDURES,
**CENTRAL DISTRICT**
(EFFECTIVE APRIL 16, 2018)

) CASE NO.: 21STCV46557
)
) STANDING ORDER RE: PERSONAL
) INJURY PROCEDURES, CENTRAL
) DISTRICT
)
)

---

**DEPARTMENT:** 32   2☐   3☐   4☐   5☐   7☐

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** ____06/06/2023____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** ____06/20/2023____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** ____12/17/2024____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

The Court sets the above dates in this action in the PI Court circled above (Department 2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012. (C.R.C. Rules 3.714(b)(3), 3.729.)

**FILING OF DOCUMENTS**

2.      Parties may file documents in person at the filing window on the first floor of the Stanley Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery, which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery. Claims involving an attorney-client fee dispute, documents in which the filing party is a minor, legally incompetent person, or person for whom a conservator has been appointed, requests to waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-410), may not be filed via e-Delivery.

**SERVICE OF SUMMONS AND COMPLAINT**

3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than <u>three years</u> from the date when the complaint is filed. (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no party appears for trial.

**STIPULATIONS TO CONTINUE TRIAL**

6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change.  To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

2018-SJ-007-00

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form
2   LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts
3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to
4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC
5   date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight
6   court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.
7   (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday
8   following a court holiday. Parties may submit a maximum of two stipulations to continue trial,
9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon
10  a showing of good cause by noticed motion. This rule is retroactive so that any previously
11  granted stipulation to continue trial will count toward the maximum number of allowed
12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.      The PI Courts do not conduct Case Management Conferences. The parties need not file
15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.      Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule
18  3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts
19  attached as exhibits. (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.      In addition to filing original motion papers at the filing window on the first floor of the
22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to
23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers
24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a
25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and
26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
27  or more three-ring binders organizing the chambers copy behind tabs.
28  ///

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

1  IDC.

2         If parties do not stipulate to extend the deadlines, the moving party may file the motion

3  to avoid it being deemed untimely.  However, the IDC must take place before the motion is

4  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8  that complies with the notice requirements of the Code of Civil Procedure.

9  14.  Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12  requestor must file in the appropriate department and serve an Informal Discovery Conference

13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16  least 10 court days prior to the IDC.

17  15.  Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.  Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23  *ex parte*." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27  relief, the moving party should reserve the earliest available motion hearing date (even if it is

28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

2018-SJ-007-00

1    the Court Reservation System from time to time because earlier hearing dates may become

2    available as cases settle or hearings are taken off calendar.

3    **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4    17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5    Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6    mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7    Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8    the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a

9    "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10   a personal injury case is "complicated" the PI Courts will consider, among other things, the

11   number of pretrial hearings or the complexity of issues presented.

12   18.    Parties opposing a motion to transfer have five court days to file (at the filing window

13   on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14   (using the same LACIV 238 Motion to Transfer form).

15   19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16   Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17   PI Courts will make an independent determination whether to transfer the case or not.

18   **FINAL STATUS CONFERENCE**

19   20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20   Order Re Final Status Conference," which shall be served with the summons and complaint.

21   **JURY FEES**

22   21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23   complaint. (C. C. P. § 631, subds. (b) and (c).)

24   **JURY TRIALS**

25   22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

26   Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

27   will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28   Courtrooms.

2018-SJ-007-00

1  **SANCTIONS**

2  23.     The Court has discretion to impose sanctions for any violation of this general order.

3  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6  Dated: *April 16, 2018*                    *Debre K Weintraub*

7                                            Debre K. Weintraub

8                                            Supervising Judge of Civil Courts
                                            Los Angeles Superior Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Standing Order Re Personal Injury Procedures, Central District

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/21/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Miramontes _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV46557 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Michael E. Whitaker | 32 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record        Sherri R. Carter, Executive Officer / Clerk of Court

on 12/22/2021 _____        By N. Miramontes _____, Deputy Clerk
     (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**